FILED
SUPERIOR COURT
OF GUAM

2019 OCT 23 PM 3: 26

CLERK OF COURT
By:_____

**IN THE SUPERIOR COURT OF GUAM**

| THE PEOPLE OF GUAM, | Superior Court Case No. <u>CM0509-17</u> |
|---|---|
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE PEOPLE'S MOTION TO ENTER JUDGMENT AND REVOKE PROBATION** |
| KIMBERT MURITOK (aka Kimbert Thomas Kastor), | |
| Defendant. | |

This matter came before the Honorable Elyze M. Iriarte on the People of Guam's Motion to Enter Judgment and Revoke Probation. The People ask the Court to enter Defendant Kimbert Muritok's deferred guilty plea and revoke his probationary status based on Muritok's failure to complete his probation conditions. Mot. at 3-4 (Aug. 23, 2019). Muritok opposes, claiming the Court lacks jurisdiction to revoke his probationary status. Opp'n (Sept. 6, 2019). Having considered the parties' arguments and applicable law, the Court DENIES the People's Motion.

## I.   **PROCEDURAL HISTORY**

Muritok entered a deferred plea agreement to the charge of RETAIL THEFT (As a Petty Misdemeanor) in violation of 9 GCA §§ 43.91(a) and 43.20(d) on November 30, 2017. The deferred plea agreement ordered Muritok to serve sixty days imprisonment, all suspended, with credit for time served, if he failed to satisfy his probation conditions. As part of his one year of supervised probation, Muritok was ordered to pay court costs and full restitution, if any, to the victim; complete twenty-five hours of community service; report to Client Services and Family

Counseling for an evaluation and follow all treatment recommendations; complete the Theft Prevention Program; obey all the laws of Guam; and report to the Adult Probation Office once a month in person. Deferred Plea Agreement at 3-4 (Nov. 30, 2017). The Probation Services Division subsequently filed two violation reports and the People now seek to revoke Muritok's probationary status and enter judgment based on those reports.

## II.    LAW AND DISCUSSION

Muritok argues the Court lacks jurisdiction to revoke probation and enter his deferred plea. He claims the People failed to satisfy the requirements needed to toll his probationary period and their August 9, 2019 oral request for revocation was made outside the probationary window. Resp. People's Oral Req. (Aug. 23, 2019).

Probation is tolled when there is probable cause that the offender has violated a condition of probation. 9 GCA § 80.66(a)(3). The Probation Services Division demonstrates probable cause by filing a Violation Report and Declaration "describing the nature of the alleged violation, and the facts in support of the probable cause determination of the alleged violation." MR 1.2. Tolling begins when the Court issues a summons or warrant based on the probable cause and ends when the Court renders a decision on the matter. 9 GCA § 80.66(a)(3)(A). Otherwise, the Court "lacks jurisdiction to revoke probation after the probationary period has ended." *People v. Anson*, 1998 Guam 11 ¶ 6.

The First Violation Report indicates that Muritok failed to report monthly in person, failed to make payments toward court costs, and failed to complete his 25 hours of community service. 1st Violation Rep. (Apr. 12, 2018). At the May 17, 2018 hearing, the Probation Services Division stated that Muritok had completed his community service hours and reported into

probation, but his court costs remained outstanding. The Court then set a hearing date for October 26, 2018, to determine whether Muritok would complete his conditions before his probation ended in November 2018. When Muritok failed to appear at the October 26 hearing, the Court issued a Summons and a subsequent December 3, 2018 Bench Warrant.

Based on these facts, the Court finds that Muritok's probationary period was not tolled following the April 12, 2018 1st Violation Report. The Court did not issue a Summons in response to that report and also determined at the May 17, 2018 hearing that Muritok had more time to complete all conditions. This rendered the concerns in the 1st Violation Report resolved.

The Court set the subsequent October 26, 2018 hearing to determine whether Muritok completed his remaining conditions before his probation expired. Though Muritok had outstanding conditions at the October 26, 2018 hearing, and on the date the one year expired, a violation report outlining these violations had to be submitted for tolling to apply. But no violation report was filed prior to the expiration of the one year.

Despite this being a technicality, probation revocation "implicates a liberty interest, which entitles [a probationer] to some procedural due process." *People v. Camacho*, 2009 Guam 6 ¶ 26. Accordingly, the Probation Division Services' subsequent February 18, 2019 Second Violation Report and the People's request to revoke probation were outside the probationary window and therefore untimely.

The Court may also not enter judgment against Muritok for violating the deferred plea agreement. Although Muritok did not complete all conditions to make him eligible for a dismissal, the Court declines to preclude Muritok from benefitting under the terms of the Deferred Plea Agreement for violations that were not timely adjudicated.

## III.    CONCLUSION

Because Muritok's violations were not timely addressed, the Court DENIES the People's

Motion to Enter Judgment and Revoke Probation.

SO ORDERED this 23d day of October 2019.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of:

AG's, DA
J. Arriola

Date: 10/23/19 Time: 3:30

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Assistant Attorney General Christine Santos Tenorio for the People of Guam
William Brennan, Esq., Arriola, Cowan & Arriola, for Defendant Kibert Muritok